IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 2:21-CR-00327 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS BEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Before the Court is the question of whether to dismiss the indictment in this case for violation of the Speedy Trial Act. The 70-day clock under the Act has expired; and there is no sound basis to extend the clock, given the seriousness of the offense charged and the ample time the parties have already had to negotiate a plea agreement or proceed to trial. Because the time has expired under the Act and for the reasons that follow, the Court is constrained to dismiss the indictment, and so will dismiss it, albeit without prejudice.

## BACKGROUND

In August 2021, a federal grand jury returned an indictment charging Defendant Thomas Bey with distribution and possession with the intent to distribute heroin (Count I) and fentanyl (Count II) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). ECF 3. On December 2, 2021, the magistrate judge granted Mr. Bey's oral motion for extension of time to file pretrial motions and excluded the extension of time under the Act for the "ends of justice" from that date until January 17, 2022. ECF 19. On January 5, 2022, this Court granted Mr. Bey's second oral motion for extension of time, setting the due date for pretrial motions for April 18, 2022, and again excluding the extension of time for the "ends of justice." ECF 28. From April 2022 to October 2023, the Court granted nine more "ends of justice" continuances to

provide Mr. Bey with adequate time to investigate and prepare pretrial motions and in consideration of the parties' representations that plea negotiations were ongoing. ECF 33, 35, 41, 45, 49, 54, 58, 61, 65. The Court's final continuance set a pretrial motions deadline of December 1, 2023. ECF 65.

On November 29, 2023, one day before a scheduled in-person status conference, Mr. Bey filed an unopposed motion to continue the conference, noting that the parties were "not prepared to move forward with a change of plea" and that circumstances had not materially changed since the Court's October 16, 2023, telephonic status conference. ECF 69, ¶ 3.

The next day, after over two years and 11 total "ends of justice" extensions, the Court granted Mr. Bey's motion, alerted the parties that it would no longer toll the Act as of December 1, 2023, struck the pretrial motions deadline, and requested the parties to inform the Court as to when a change-of-plea hearing or trial could be scheduled. ECF 70.[1] The Court heard nothing more from the parties, and on February 10, 2024, the Act's 70-day clock expired.

On February 12, 2024, the Court ordered the parties to show cause as to why the Court should not *sua sponte* dismiss the indictment. ECF 71.

In its response to the show-cause order, the government argues that the parties have been regularly communicating regarding a plea, but that negotiations have taken longer than expected. ECF 72, ¶ 4. The government asks the Court to exclude time *nunc pro tunc* from the Act while the parties continue their negotiations or, in

---

[1] The Court's order stated: "ORDER granting 69 Motion to Continue as to THOMAS BEY. The In-Person Status Conference with Defendant currently set for 11/30/2023 is hereby CANCELED. The parties shall alert the Court as to when a change of plea hearing or trial can be scheduled. The Speedy Trial Act will not be further tolled as of 12/1/2023, as it is not in the interest of justice to further delay this case. If Defendant intends to file pre-trial motions, the Court will re-set the deadline in advance of trial."

the alternative, dismiss the indictment without prejudice if the Court finds the Act has been violated. *Id.*, ¶¶ 7, 9.

In his response, Mr. Bey affirms that the "parties have been in regular communications" regarding a plea and also states that negotiations have taken longer than anticipated. ECF 73, ¶ 5. Mr. Bey also requests an "ends of justice" continuance, asserting that his interests would be harmed if the Court were to dismiss the indictment without prejudice. *Id.*, ¶¶ 4, 6.

### **DISCUSSION & ANALYSIS**

"The Sixth Amendment to the United States Constitution guarantees that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. Congress enacted the Speedy Trial Act to give effect to this constitutional guarantee by setting specified time limits within which criminal trials must be commenced." *United States v. Williams*, 917 F.3d 195, 199 (3d Cir. 2019) (cleaned up).

To this end, the "Act requires that a criminal trial must commence within 70 days of the latest of a defendant's indictment, information, or appearance[.]" *Henderson v. United States*, 476 U.S. 321, 326 (1986); 18 U.S.C. § 3161(c)(1). If the government fails to bring a defendant to trial before that time, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2). Even without such a motion, the Court may *sua sponte* dismiss the indictment if the 70-day clock has expired. *See, e.g.*, *United States v. Spagnuolo*, 469 F.3d 39, 41 n.1 (1st Cir. 2006) ("We do not suggest that the district court may not raise the issue *sua sponte* and resolve it after notice and opportunity to be heard.").[2]

---

[2] Some courts have held that a district court **must** dismiss an indictment *sua sponte* upon a violation of the Act. *See, e.g.*, *United States v. Arias-Gonzales*, No. 06-4088, 2007 WL 2122377, at *1 (N.D. Iowa July 20, 2007); *United States v. Lowery*, 21 F. Supp. 2d 648, 649 (E.D. Tex. 1998). Even if the Act didn't mandate it, it certainly allows it. *See, e.g.*, *United States v. Dobek*, 989 F. Supp. 2d 723, 730 (E.D. Wis. 2013)

- 3 -

While the "Act generally insists on strict conformity with its deadlines[,]" it does allow for several periods of excludable delay. *United States v. Scarfo*, 41 F.4th 136, 176 (3d Cir. 2022), *cert. denied sub nom. Pelullo v. United States*, 143 S. Ct. 1044 (2023); 18 U.S.C. § 3161(h). Among them, as relevant here, the Act provides that "a district court may grant a continuance and toll the speedy trial clock by making a finding, on the record, that the 'ends of justice' served by granting a continuance 'outweigh the best interest of the public and the defendant in a speedy trial.'" *United States v. Adams*, 36 F.4th 137, 144 (3d Cir. 2022), *cert. denied*, 143 S. Ct. 238 (2022) (quoting 18 U.S.C. § 3161(h)(7)(A)).

After careful review, the Court finds that it cannot extend the clock here, despite the parties' request to do so. To begin with, the Court agrees with the parties that plea negotiations and plea agreements are unquestionably "important components of this country's criminal justice system." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). Important too is allowing counsel time to adequately prepare for pretrial motions and trial. *See United States v. Rojas-Contreras*, 474 U.S. 231, 240 (1985) (Blackmun, J. concurring) ("The constitutional right to assistance of counsel is rendered meaningless if a defendant is forced to trial in the absence of adequate time to prepare."); 18 U.S.C. § 3161(h)(7)(B)(iv) (time to prepare factor to consider in granting "ends of justice" continuance).

That said, there has been more than enough time to negotiate a plea agreement here. Even discounting much of the earlier delay in this case, which was arguably based on some factors outside of the parties' control, it has been over four months since the last status conference, and 86 days since December 2, 2023, when the Act's

---

("[A] dismissal on that basis may very well have been appropriate, given: (1) the Court's authority to *sua sponte* dismiss a case under the Speedy Trial Act[.]"); *United States v. Gilbert*, No. 11-20490-02, 2011 WL 5904429, at *3 (E.D. Mich. Nov. 22, 2011) ("Plenary jurisdiction includes the authority to dismiss charges *sua sponte*." (italics added)).

clock resumed ticking, and when the Court expressly stated that it would not toll the clock anymore.

Further, it's not just the parties that the Court must consider; it's also the public. "[The] Act was designed with the public interest firmly in mind[,]" serving that interest by "reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Zedner v. United States*, 547 U.S. 489, 501 (2006). Indeed, "ends of justice" continuances reflect this concern, requiring the Court to find the ends of justice outweigh not only the defendant's interest but "the best interests of the public." 18 U.S.C. § 3161(h)(7)(A).

The Court finds that those public-interest considerations outweigh the ends of justice now, particularly considering the serious heroin and fentanyl drug distribution charges Mr. Bey faces. *United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) ("[H]eroin and firearms offenses are serious crimes for purposes of the Speedy Trial Act."). Therefore, the Court must dismiss the indictment.[3]

That, however, leaves the question of whether to dismiss with or without prejudice. Three statutory factors guide that decision, and based on those factors, the Court will dismiss the indictment without prejudice.

The first factor is the "seriousness of the offense." 18 U.S.C. § 3162(a)(2). If the offense is serious, then dismissal without prejudice is more appropriate, to allow

---

[3] Even if the Court wanted to accept the parties' invitation to grant a *nunc pro tunc* continuance of the clock, that would have no effect. The Court "cannot provide an after-the-fact justification for unauthorized delays by granting an ends-of-justice continuance *nunc pro tunc*." *United States v. Lattany*, 982 F.2d 866, 877 (3d Cir. 1992); *United States v. Jarzembowski*, No. 07-122, 2007 WL 2407275, at *3 (W.D. Pa. Aug. 20, 2007) (Diamond, J.) ("Here, no continuance was granted within the prescribed time period and this court may not now go back in time and retroactively make an ends-of-justice finding or grant such a continuance.").

for re-prosecution. Because, as noted above, Mr. Bey's drug crimes are serious, this weighs towards dismissal without prejudice. *Stevenson*, 832 F.3d at 420.

The second statutory factor is "the facts and circumstances of the case which led to the dismissal[.]" 18 U.S.C. § 3162(a)(2). This "requires courts to consider the reasons for the delay: did it stem from intentional dilatory conduct or a pattern of neglect on the part of the Government, or rather, from a relatively benign hitch in the prosecutorial process?" *Stevenson*, 832 F.3d at 419 (cleaned up) (holding district court did not err in considering factor favored dismissal without prejudice where delay was explainable in light of defendants' motions and chaotic nature of case); *see also United States v. Jones*, No. 20-2765, 2021 WL 6337787, at *1 (3d Cir. Sept. 10, 2021) (district court did not err in dismissing without prejudice where delay stemmed from confusing docket, including plea negotiations, motions, and government continuances to which defense counsel agreed). There is not enough in the record for the Court to find any bad faith or an obvious pattern of neglect here. The Court therefore finds this factor too weighs towards dismissal without prejudice.

The third statutory factor is "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Under this factor, the Court must consider "whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Stevenson*, 832 F.3d at 422 (quotation omitted). "To show 'actual prejudice' (the main consideration under this prong), [the defendant] must prove that the delay undermined his ability to prepare for trial or gave the government some other advantage." *Jones*, 2021 WL 6337787, at *2 (cleaned up) (quoting *Stevenson*, 832 F.3d at 422). The length of the delay beyond the clock's expiration is also relevant to the prejudice analysis. *Id.*

This factor also weighs towards dismissal without prejudice. As noted, there is no record of prosecutorial misconduct here. Further, Mr. Bey himself doesn't allege actual prejudice by the delay. The opposite: he contends that he would be prejudiced *by a dismissal* because it might upset the possible plea discussions. ECF 73, ¶ 4. But even if Mr. Bey did claim prejudice from the delay, only 16 days have passed since the clock expired on February 10, 2024, and that is likely not enough of a delay to prejudice him in this two-and-a-half-year-old case. *See United States v. Taylor*, 487 U.S. 326, 343 (1988) (district court did not adequately consider brevity of fourteen-day delay and lack of prejudice to defendant when it dismissed indictment with prejudice).

Accordingly, the Court will dismiss the indictment without prejudice. While maybe frustrating to the parties, this shouldn't disrupt their plea discussions, if they wish to continue them. If there is mutual interest to explore a plea in the future before an indictment is re-filed, the parties can always agree to plea to an information, or some other arrangement.

## CONCLUSION

For the above reasons, it is hereby **ORDERED** that the indictment against Mr. Bey is **DISMISSED WITHOUT PREJUDICE**.

DATED: February 26, 2024                    BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge